JOURNAL ENTRY AND OPINION
{¶ 1} Appellant, Mark Petrak ("Petrak"), pled guilty to three counts of gross sexual imposition, one count of abduction, and one count of importuning. The trial court sentenced Petrak to three years in prison and classified him a sexual predator. Petrak now appeals, citing as his sole assignment of error that the evidence was insufficient to classify him a sexual predator.
 {¶ 2} R.C. 2950.09(B)(3) lists the relevant factors that the trial court must consider in making a sexual predator determination:
 {¶ 3} "(a) The offender's or delinquent child's age;
 {¶ 4} "(b) The offender's or delinquent child's prior criminal or delinquency record regarding all offenses, including, but not limited to, all sexual offenses;
 {¶ 5} "(c) The age of the victim of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made;
 {¶ 6} "(d) Whether the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made involved multiple victims;
 {¶ 7} "(e) Whether the offender or delinquent child used drugs or alcohol to impair the victim of the sexually oriented offense or to prevent the victim from resisting;
 {¶ 8} "(f) If the offender or delinquent child previously has been convicted of or pleaded guilty to, or been adjudicated a delinquent child for committing an act that if committed by an adult would be, a criminal offense, whether the offender or delinquent child completed any sentence or dispositional order imposed for the prior offense or act and, if the prior offense or act was a sex offense or a sexually oriented offense, whether the offender or delinquent child participated in available programs for sexual offenders;
 {¶ 9} "(g) Any mental illness or mental disability of the offender or delinquent child;
 {¶ 10} "(h) The nature of the offender's or delinquent child's sexual conduct, sexual contact, or interaction in a sexual context with the victim of the sexually oriented offense and whether the sexual conduct, sexual contact, or interaction in a sexual context was part of a demonstrated pattern of abuse;
 {¶ 11} "(i) Whether the offender or delinquent child, during the commission of the sexually oriented offense for which sentence is to be imposed or the order of disposition is to be made, displayed cruelty or made one or more threats of cruelty; [and]
 {¶ 12} "(j) Any additional behavioral characteristics that contribute to the offender's or delinquent child's conduct."
 {¶ 13} Here, the trial court based its determination that Petrak is a sexual predator after it carefully considered the statutory factors. First, while Petrak was 54 years old at the time the offenses were committed and statistically less likely at that age to reoffend, the trial court specifically noted that Petrak's victim was his 10-year-old niece. Second, the trial court noted that Petrak had a history of theft offenses. Third, although there was only one victim and nothing was used to impair the victim, Petrak demonstrated a pattern of abuse as he committed the offenses over a three-month period of time, took the victim to a parking lot, and would often give her cash for performing certain sexual acts. Fourth, the trial court noted that Petrak continued to deny his involvement, showed no remorse, and blames his victim as the aggressor. Finally, the trial court took into account Petrak's low score on the STATIC 99 test, meaning that he was less likely to reoffend in the future.
 {¶ 14} All of these factors were taken into consideration by the trial court and clearly resulted in the trial court's final determination that Petrak is a sexual predator. Because the existence or absence of one factor does not make the determination, it cannot be said that the evidence here was insufficient to prove that Petrak is a sexual predator. Perhaps most compelling to the trial court's determination was that Petrak continued this conduct over a three-month period of time and, at the time of the hearing, attempted to make his victim the evildoer. The trial court expressly considered all the relevant factors pursuant to R.C. 2950.09(B)(3) on the record, there was more than sufficient evidence to prove that Petrak is a sexual predator, and, as a result, the trial court's classification that Petrak is a sexual predator is affirmed.
Judgment affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Celebrezze, Jr., P.J., and Cooney, J., concur.